■ In the Matter of THOMAS GILLEN, Appellant, v STEVEN D. CONKLING, Respondent. [857 NYS2d 714]—In a proceeding pursuant to CPLR article 78 to compel the Treasurer of the County of Nassau to accept the petitioner's tender of certain real property tax payments and credit them to tax liens already held by him, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated September 27, 2006, as denied that branch of the petition which was to compel the Treasurer of the County of Nassau to accept tender of a real property tax payment pursuant to tax sale certificate No. 1484/2000, and credit it to tax liens al-

ready held by him, granted that branch of his petition which was to compel the Treasurer of the County of Nassau, upon acceptance of his tender of a real property tax payment pursuant to tax sale certificate No. 2021/2005, to credit the payment to tax liens already held by him only to the extent of crediting the sum of $4,779.61, and granted that branch of his petition which was to compel the Treasurer of the County of Nassau, upon acceptance of his tender of a real property tax payment pursuant to tax sale certificate No. 2306/2005, to credit the payment to tax liens already held by him only to the extent of crediting the sum of $7,995.33.

Ordered that the judgment is modified, on the facts, by deleting the provisions thereof granting those branches of the petition which were to compel the Treasurer of the County of Nassau to credit, to tax liens already held by the petitioner, the real property taxes he paid pursuant to tax sale certificate No. 2021/2005 in the amount of only $4,779.61 and pursuant to tax sale certificate No. 2306/2005 in the amount of only $7,995.33, and substituting therefor provisions granting those branches of the petition to the extent of compelling the Treasurer of the County of Nassau to credit, to the tax liens already held by the petitioner, the real property taxes he paid pursuant to tax sale certificate No. 2021/2005 in the amount of $15,776.28 and pursuant to tax sale certificate No. 2306/2005 in the amount of $34,401.82; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

It is undisputed that the Supreme Court erred in directing the respondent to credit, to the tax liens already held by the petitioner, only the real property taxes he originally paid in connection with the tax sale certificates numbered 2021/2005 and 2306/2005. Rather, the Supreme Court should also have credited the amounts paid by the petitioner for older accrued taxes which were liens on the subject properties. We therefore modify the judgment to correct that error.

With respect to tax sale certificate No. 1484/2005, we reject the petitioner's contention that the respondent was required to accept his payment of open 2004 general taxes which had not been reduced to a lien, and credit it to other tax liens held by the petitioner with respect to other properties. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.